UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA        :

     - v -                        :

VLADIMIR KUZNETSOV,                05 Cr.

              Defendant.   :

- - - - - - - - - - - - - - - - - -x

*USDC SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: AUG 31 2005*

**05CRIM. 916**

*JUDGE BATTS*

COUNT ONE

(Conspiracy to Commit Money Laundering)

The Grand Jury charges:

Background

1.  From at least mid-1985, up to and including in or about June 2005, a co-conspirator not named as a defendant herein ("CC-1") worked as a procurement officer at the United Nations in Manhattan. In or about 2000, CC-1 established an off-shore company, Moxyco, Ltd., to facilitate the illicit and secret payment of money to him by, among others, foreign companies seeking to secure contracts to provide goods and services to the United Nations. In return, CC-1 provided these companies with confidential and other information from the United Nations regarding these contracts. From in or about 2000, up to and including in or about June 2005, CC-1 accepted hundreds of thousands of dollars in this criminal scheme.

2.  From at least in or about 2000, up to and including in or about August 2005, VLADIMIR KUZNETSOV, the defendant, was

employed by the United Nations in Manhattan. From at least in or about 2000, up to and including on or about December 31, 2003, KUZNETSOV served as a member of the Advisory Committee on Administrative and Budgetary Questions at the United Nations, which, among other things, advises the General Assembly of the United Nations on budgetary matters and reviews auditors' reports on the financial operations of the United Nations and its specialized agencies. From on or about January 1, 2004, up to and including in or about August 2005, KUZNETSOV served as Chairman of that Committee.

3. In or about early 2000, CC-1 informed VLADIMIR KUZNETSOV, the defendant, of CC-1's use of an off-shore company to collect secret payments from foreign companies that were seeking to secure contracts to provide goods and services to the United Nations. Rather than report CC-1's conduct to law enforcement authorities or to the United Nations, KUZNETSOV agreed with CC-1 that CC-1 would transfer a share of the proceeds from this scheme to KUZNETSOV for KUZNETSOV's own benefit.

4. In or about 2000, VLADIMIR KUZNETSOV, the defendant, established his own off-shore company, Nikal, Ltd., to facilitate and hide the transfer of criminal proceeds from CC-1's off-shore bank account to KUZNETSOV. For this purpose, KUZNETSOV opened a bank account in the name of Nikal, Ltd. at Antigua Overseas Bank Limited, the same bank at which CC-1 had previously opened an

account for Moxyco, Ltd. From in or about 2000, up to and including in or about June 2005, CC-1 transferred hundreds of thousands of dollars in criminal proceeds to KUZNETSOV.

### Conspiracy Charge

5.  From in or about 2000, up to and including in or about June 2005, in the Southern District of New York and elsewhere, VLADIMIR KUZNETSOV, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to violate Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1957 of Title 18, United States Code.

6.  It was a part and an object of the conspiracy that VLADIMIR KUZNETSOV, the defendant, and others known and unknown, in an offense involving interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, unlawfully, willfully, and knowingly would and did conduct and attempt to conduct such financial transactions, which in fact involved the proceeds of specified unlawful activity, to wit, wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346, (a) with the intent to promote the carrying on of specified unlawful activity, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of

specified unlawful activity, in violation of Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i) of Title 18, United States Code.

7.  It was further a part and an object of the conspiracy that VLADIMIR KUZNETSOV, the defendant, and others known and unknown, unlawfully, willfully, and knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit, wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346, in violation of Section 1957 of Title 18, United States Code.

### Overt Acts

8.  In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a.  In or about 2000, while working as a procurement officer at the United Nations, CC-1 received a wire transfer of money from a foreign company ("Foreign Company #1") in return for providing that company with information from the United Nations regarding a bid for a United Nations contract related to the airlifting of United Nations supplies to foreign countries.

b.  On or about April 3, 2000, CC-1 faxed a wire transfer authorization order to the Antigua Overseas Bank Limited, instructing the bank to transfer approximately $20,000 from a bank

account controlled by CC-1 at Antigua Overseas Bank Limited, to a bank account controlled by VLADIMIR KUZNETSOV, the defendant, at Chase Manhattan Bank, United Nations Branch, in Manhattan.

        c.    On or about June 5, 2000, CC-1 faxed a wire transfer authorization order to the Antigua Overseas Bank Limited, instructing the bank to transfer approximately $12,000 from a bank account controlled by CC-1 at Antigua Overseas Bank Limited, to a bank account controlled by KUZNETSOV at the United Nations Federal Credit Union in Manhattan.

        d.    In or about 2000, KUZNETSOV established a bank account in the name of Nikal, Ltd. at Antigua Overseas Bank Limited.

        e.    From in or about 2000, up to and including in or about mid-2005, CC-1 transferred hundreds of thousands of dollars from a bank account that he controlled at Antigua Overseas Bank Limited to the "Nikal, Ltd." bank account at Antigua Overseas Bank Limited, which was controlled by KUZNETSOV.

        f.    In or about 2005, while working as a procurement officer at the United Nations, CC-1 received a wire transfer of money from a foreign company ("Foreign Company #2") in return for providing that company with information from the United Nations regarding a bid for a United Nations contract related to the airlifting of United Nations supplies to foreign countries.

        g.    On or about May 4, 2005, CC-1 faxed a wire

5

transfer authorization order to the Antigua Overseas Bank Limited, instructing the bank to transfer approximately $19,800 from a bank account controlled by CC-1 at Antigua Overseas Bank Limited, to the "Nikal, Ltd." bank account at Antigua Overseas Bank Limited, which was controlled by KUZNETSOV.

(Title 18, United States Code, Section 1956(h).)

_____
FOREPERSON

_____
DAVID N. KELLEY
United States Attorney

6

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

VLADIMIR KUZNETSOV,

Defendant.

INDICTMENT

05 Cr.

(18 U.S.C. § 1956(h).)

DAVID N. KELLEY
United States Attorney.

**A TRUE BILL**

*[signature]*
Foreperson.